Filed 9/3/13  Banuelos v. 218 Properties CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| ROSA BANUELOS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>218 PROPERTIES, LLC, et al.,<br><br>    Defendants and Respondents. | B241645<br><br>(Los Angeles County<br>Super. Ct. No. TC024502) |


APPEAL from a judgment of the Superior Court of Los Angeles County,

Allen J. Webster, Judge.  Affirmed.

Law Office of Spix & Martin, Richard L. Spix and D. Elizabeth Martin for

Plaintiff and Appellant.

Law Offices of Douglas W. Beck & Associates and Douglas W. Beck; Klinedinst

and Gregory A. Garbacz for Defendants and Respondents, 218 Properties, LLC,

LA Investment, LLC, R22, Inc., dba Star Management and Peter Starflinger.

Plaintiff Rosa Banuelos appeals from the judgment entered after the trial court granted summary judgment for defendants 218 Properties, LLC (218 Properties), LA Investment, LLC (LA Investment), R22, Inc. (R22), doing business as Star Management, and Peter Starflinger (Starflinger) (collectively, defendants). Plaintiff contends that the trial court erred in (1) sustaining defendants' demurrer to her causes of action for declaratory and injunctive relief, retaliation and bad faith, (2) granting defendants' motion to strike the complaint's alter ego allegations, and (3) granting summary judgment as to her remaining causes of action. We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Sale of Plaintiff's Mobile Home*

On June 26, 2010, plaintiff entered into a contract (Contract) to sell her mobile home in Park Granada Trailer Lodge (Park Granada) to Rosa Rodriguez (Rodriguez) for $55,000. 218 Properties owns Park Granada and LA Investment owns 100% of the membership interest in 218 Properties. R22 is the property manager for Park Granada and Starflinger is R22's agent.

On June 28, 2010, Rodriguez submitted an application for residency at Park Granada as a potential purchaser of plaintiff's mobile home. The application included paystubs showing monthly gross income of $4,000, however, Rodriguez's credit report showed that she owed $5,112 per month in loan payments. On July 2, 2010, counsel for 218 Properties wrote Rodriguez asking for the following additional information in support of her application: (1) a schedule of her real estate; (2) a copy of the most recent mortgage statement for each of her mortgage loans; (3) a schedule of gross

2

income, expenses and net income for each rental property she owned; (4) verification of funds to complete the purchase; and (5) a statement that Rodriguez intended to reside in the subject mobile home.

Rodriguez did not respond to the letter and, on July 7, 2010, exercised her right to cancel the purchase because she did not want to provide the documentation requested. On January 10, 2011, a new buyer made an offer to purchase plaintiff's mobile home for $51,000, which plaintiff accepted. R22 approved the new buyer's application for residency. The sale closed on February 28, 2011.

2.      *The Complaint*

The trial court proceedings as evidenced by the limited record before the court were as follows.[1] Plaintiff filed the complaint in the underlying action on July 20, 2010. Plaintiff has not included a copy of the complaint in the record, therefore, its allegations are unknown. 218 Properties and LA Investment raised a demurrer to the first through eighth causes of action. The court sustained the demurrer as to the causes of action for declaratory and injunctive relief, "statutory violations," intentional interference with contract, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Plaintiff was granted leave to amend except as to the negligence claim. The court overruled the demurrer as to the causes of action for

---

[1]     Plaintiff's index selectively represents the record to the court. It is the appellant's burden to provide an adequate record on appeal. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794.) To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment. (*Ibid.*)

intentional interference with economic advantage and negligent interference with economic advantage.

Plaintiff amended her complaint. The first amended complaint is also not included in the record. Defendants 218 Properties and LA Investment demurred. Defendants R22 and Starflinger demurred separately. The court sustained both demurrers as to the causes of action for declaratory relief and "statutory violations" with leave to amend. The court also sustained R22 and Starflinger's demurrer to the causes of action for intentional interference with contract, intentional interference with economic advantage, and negligent interference with economic advantage without leave to amend on the grounds that the complaint alleged that R22 and Starflinger were only acting in their capacity as agents for 218 Properties and LA Investment.

Plaintiff filed her second amended complaint on January 7, 2011 in which she alleged that defendants' refusal to approve the transfer of her lease to Rodriguez without further documentation violated Civil Code section 798.74. Civil Code section 798.74 provides that the management of a mobile home park "may require the right of prior approval of a purchaser of a mobilehome that will remain in the park," however, "[a]pproval cannot be withheld if the purchaser has the financial ability to pay the rent and charges of the park . . . . " (Civil Code, § 798.74, subd. (a).)

The second amended complaint also alleged causes of action for unfair business practices, retaliation, violation of the Unruh Act, bad faith, intentional interference with contract, intentional interference with economic advantage, negligent interference with economic advantage, intentional infliction of emotional distress, and negligence.

4

Plaintiff chose not to amend her cause of action for declaratory relief. Despite the court's ruling denying leave to amend as to the interference claims as to R22 and Starflinger, plaintiff continued to allege these claims against those defendants.

218 Properties and LA Investment filed a demurrer and motion to strike. R22 and Starflinger demurred separately. The court sustained both demurrers to the causes of action for unfair business practices, retaliation, violation of the Unruh Act, and bad faith without leave to amend. The court also granted 218 Properties and LA Investment's motion to strike the alter ego allegations in the complaint and granted plaintiff leave to amend. Plaintiff has not included a copy of the minute order in the record.

Plaintiff filed her third amended complaint on April 4, 2011. Plaintiff continued to plead those causes of action to which the court had sustained defendants' demurrers without leave to amend. Defendants filed a motion to strike those causes of action as well as the alter ego allegations and portions of the complaint that had previously been stricken. The court granted the motion to strike in its entirety without leave to amend.

Defendants answered the complaint and then each moved for summary judgment. R22, 218 Properties and Starflinger argued that summary judgment was proper because the request for further documentation from Rodriguez was reasonable and permitted under Civil Code section 798.74. LA Investment argued that, as a member of a limited liability company, it was immune from liability for 218 Properties' actions. In opposition, plaintiff argued that defendants approved the residency applications of prospective mobile home purchasers who were friends and

5

relatives of Starflinger while arbitrarily refusing to approve the applications of other prospective purchasers. Defendants replied and filed evidentiary objections.

The court granted summary judgment as to each defendant, and sustained 125 of defendants' evidentiary objections. The court held that summary judgment was proper as to 218 Properties, R22 and Starflinger because plaintiff's separate statement was deficient. The court also ruled that the undisputed evidence established that LA Investment was not liable for the acts of 218 Properties, and that Starflinger was not liable for the acts of R22.

The court further found that each cause of action failed on the merits on the following grounds: (1) as to the cause of action for violation of Civil Code section 798.74 and the derivative negligence claim, the undisputed evidence showed that Rodriguez cancelled her purchase of plaintiff's mobile home because she did not want to respond to the requests for further information and those requests were objectively reasonable; (2) as to the intentional interference with contract cause of action, it was undisputed that Rodriguez exercised her contractual right to cancel the purchase and, furthermore, these defendants were not strangers to the contract; (3) as to the interference with economic advantage cause of action, the undisputed evidence showed that the interference was not wrongful and the requests for additional information were objectively reasonable; and (4) as to the intentional infliction of emotional distress cause of action, the undisputed evidence showed that defendants did not engage in extreme or outrageous conduct and plaintiff did not suffer severe emotional distress.

6

Plaintiff filed a timely notice of appeal.

## *DISCUSSION*

1.    *Standard of Review*

On appeal from a dismissal following the sustaining of a demurrer, we review the complaint de novo to determine whether it alleges facts stating a cause of action under any legal theory. (*Linear Technology Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4th 115, 122.) We also review an order granting a motion for summary judgment de novo. (*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 931.) A motion for summary judgment is properly granted when there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review an order striking all or part of a pleading under Code of Civil Procedure section 435, et seq. for abuse of discretion. (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1282.) "This means that the reviewing court will disturb the ruling only upon a showing of a 'clear case of abuse' and a 'miscarriage of justice.' [Citations.]" (*Ibid.*)

2.    *Declaratory and Injunctive Relief Cause of Action*

Plaintiff contends that the court erroneously sustained defendants' demurrers to her cause of action for declaratory and injunctive relief. Plaintiff appears to be referring to the declaratory relief cause of action alleged in the first amended complaint and the court's ruling sustaining defendants' demurrers to this cause of action. Plaintiff has not included a copy of this version of her complaint in the record, therefore, we cannot judge whether her allegations were sufficient to withstand demurrer.

7

### 3.    *Retaliation Cause of Action*

Plaintiff contends that the court erroneously sustained defendants' demurrers to her cause of action for retaliation.  The second amended complaint's cause of action for retaliation alleged that defendants' refusal to "provide reasonable landlord services of approving prospective purchasers of plaintiff's home" violated the common law and Civil Code sections 798.74, 798.74.5, 798.75 and 1942.5, and the Carson Rent Control Ordinance.  The court sustained defendants' demurrers to this cause of action without leave to amend.  The court's minute order is not in the record.

Plaintiff now argues that the complaint adequately alleged facts stating that defendants' "reduction in service[s]" was "motivated by retaliatory intent" in violation of Civil Code section 1942.5.[2]  Civil Code section 1942.5, subd. (c) provides that "[i]t is unlawful for a lessor to . . . decrease services . . . for the purpose of retaliating against the lessee because he or she has lawfully and peaceably exercised any rights under the law."  Here, the second amended complaint does not allege that defendants reduced services but, rather, that defendants consistently "refus[ed] to approve the transfer of mobile homes located in the Park."  In addition, the second amended complaint does not allege that defendants retaliated on account of plaintiff's exercise of her rights but only alleges that defendants retaliated against her based on her son's "lawful and peaceful exercise of rights."  Therefore, plaintiff has not shown that she adequately alleged facts stating a cause of action for retaliation.

---

[2]    Civil Code section 1942.5 applies to plaintiff in her capacity as a former tenant of Granada Park.

8

Moreover, the defendants were well within their rights in demanding that the prospective purchaser located by plaintiff provide satisfactory evidence of an ability to pay the required park rent and charges. Civil Code section 798.74 allows park owners to refuse to approve mobile home purchasers for residency based on their "lack of ability to pay park rent and charges." (*Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1217 at fn. 2.) Under the statute, park owners may require a purchaser to document her "gross monthly income or means of financial support." (Civ. Code, § 798.74(a).) Plaintiff implies that the statute's reference to "gross monthly income" restricted defendants from asking Rodriguez for documentation of income less expenses from her rental properties. However, we read the term "gross monthly income" to mean an individual's pre-tax income and not, as plaintiff implies, an individual's total income irrespective of any deductible expenses and maintenance costs (e.g., property taxes and debt service on income-producing property).

This reading is consistent with Black's Law Dictionary which defines "gross income" as the "[t]otal income from all sources before deductions, exemptions, or other tax reductions." (Black's Law Dict. (9th ed. 2009), income.) Legislative history also supports the conclusion that this term was used to mean an individual's total income prior to tax reductions. Civil Code section 798.74 was amended in 1988 to include the language at issue here. The entire amendment read: "In determining whether the purchaser has the financial ability to pay the rent and charges of the park, the management shall not require the purchaser to submit copies of any personal income tax returns in order to obtain approval for residency in the park. However, management

9

may require the purchaser to document the amount and source of his or her *gross monthly income* or means of financial support." (Stats. 1988, ch. 522, § 1 [emphasis added].)

This amendment expressed the intent of the Legislature to "prohibit[] mobilehome park management from requiring personal income tax returns from persons seeking approval for residency in a mobilehome park." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analyses of Sen. Bill No. 1934 (1987-1988 Reg. Sess.) as amended May 9, 1988.) Accordingly, the statute's reference to "gross monthly income" was added to underscore park management's right to require purchasers to document their income outside of providing tax returns. Therefore, the use of the term "gross monthly income" was not intended to restrict park management from requiring purchasers to document those financial liabilities and obligations that would have an adverse impact on their ability to pay park rent and charges.

4.     *Bad Faith Cause of Action*

Plaintiff contends that the court erroneously sustained defendants' demurrers to her cause of action for bad faith. She contends that she adequately alleged facts showing that defendants breached their duty of good faith by preventing her from selling her home "to an outsider." However, the second amended complaint did not allege facts showing that defendants prevented plaintiff from selling her home, but only alleged that 218 Properties asked Rodriguez to provide "additional financial documentation" in support of her residency application. Therefore, plaintiff has not shown that she adequately alleged facts stating a cause of action for bad faith.

10

5.    *Alter Ego Allegations*

Plaintiff contends that the court erroneously struck the alter ego allegations in the third amended complaint.  Plaintiff argues that she adequately alleged "specific and detailed" facts establishing "a claim for the alter ego doctrine."  Code of Civil Procedure, section 436, subdivision (a) provides that the court may "[s]trike out any irrelevant, false, or improper matter inserted in any pleading."  Here, the court struck allegations that (1) "218 Properties is comprised of principals who had relationships, including alter egos of the predecessor owners and man[a]gers of the Park," (2) "Starflinger had a unity of interest, ownership, and exercised control over the operation of each of the other defendants for the purpose of perpetrating the inequitable results and statutory avoidance alleged below so that they are his alter egos and agents," and (3) references to defendants' "alter egos."  These allegations are conclusory and the complaint did not allege any supporting facts.  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 134, fn. 12.)  Therefore, the court did not abuse its discretion by striking these allegations.  (Code Civ. Proc., § 436, subd. (a).)

6.    *Summary Judgment*

Plaintiff makes the following arguments in support of her contention that the court erred in granting summary judgment:  (1) defendants violated Civil Code section 798.74 by asking for "years of cash flow analysis for each rental property owned by the purchaser [Rodriguez];" (2) the evidence "in this action" established each of the elements of a cause of action for intentional interference with contract; (3) "intentional interference with economic advantage is contained within the evidence;" (4) "negligent

11

interference with economic relations is established" because the defendants owed plaintiff a duty of care under Civil Code section 798.74; and (5) "intentional infliction of emotional distress is supported by substantial evidence" because there was evidence that Starflinger "intended his actions to harm plaintiff" knowing of "plaintiff's prior heart attack which predictably caused severe emotional distress to the plaintiff."

Plaintiff's arguments improperly rely on evidence to which objections were sustained. However, plaintiff does not challenge the court's rulings sustaining defendants' objections to this evidence. As a result, any issues concerning the correctness of the court's evidentiary rulings have been waived and we consider all such evidence to have been properly excluded. (*Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1014-1015.)

In addition, plaintiff does not address the numerous alternate bases for the trial court's rulings, including the court's conclusion that her separate statement was deficient and that LA Investment was not liable for the acts of 218 Properties.[3] Therefore, plaintiff has failed to show that summary judgment was improper and we need not address the select arguments she does raise.

---

[3]     Plaintiff made a motion for relief from default "as to the issue of compliance with Separate Statement requirements" which we have denied. Plaintiff's attempt to address this issue for the first time in her reply is also inadequate. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [" '[p]oints raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' [Citation.]"].)

## *DISPOSITION*

The judgment is affirmed.  The defendants shall recover their costs on appeal.


### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


CROSKEY, Acting P. J.


WE CONCUR:


KITCHING, J.


ALDRICH, J.

13